# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | CRIMINAL ACTION NO. 4:18-CR-192-SDJ |
| RENE SARINANA-OROZCO (1), | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Rene Sarinana-Orozco's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 9, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Wes Wynne.

Defendant was sentenced on June 14, 2019, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of 8 U.S.C. § 1326(a) and (b)(1) Reentry of Deported Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of III, was 10 to 16 months. Defendant was subsequently sentenced to 12 months imprisonment followed by a 3-year term of supervised release, subject to the standard conditions of release plus special conditions to include deportation, financial disclosure, and alcohol abstinence. On June 21, 2019, Defendant completed his period of imprisonment and began service of the supervision term. On January 28, 2020, this case was reassigned to United States District Judge Sean D. Jordan.

On February 10, 2020, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 34, Sealed]. The Petition asserted that

REPORT AND RECOMMENDATION – Page 1

Defendant violated three (3) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must not possess or consume alcoholic beverages; and (3) If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-enter. If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return [Dkt. 34 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On January 8, 2020, Defendant was arrested by Midlothian, Texas, Police Department and charged with Driving While Intoxicated 3rd or More. His bond was set at $50,000. He remains in custody on an Immigration hold. On or about June 25, 2019, Defendant was deported from the United States to Mexico. He committed the offense of Illegal Reentry After Deportation as evidenced by his arrest by the Midlothian Police Department on January 8, 2020; (2) On January 8, 2020, Defendant consumed alcohol as evidenced by his arrest for Driving While Intoxicated 3rd or More; and (3) Defendant failed to report to the probation office upon re-entering the United States [Dkt. 34 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 49].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau

of Prisons to be imprisoned for a term of eight (8) months, with a term of supervised release of twenty-eight (28) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment; (2) You must not possess or consume any alcoholic beverages; and (3) As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, you must remain outside of the United States. In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country, and (4) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 19th day of May, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE